**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION**

_____

UNITED STATES OF AMERICA

     and

STATE OF OHIO,

              Plaintiffs,                Civil Action No. _____

      v.

YUHASZ BROS., LLC,

        Defendant.

_____

## COMPLAINT

The United States of America, through its undersigned attorneys, by the authority of the

Attorney General, and at the request of the Administrator of the United States Environmental

Protection Agency ("USEPA"), and the State of Ohio ("State" or "Ohio"), through its

undersigned attorneys, by the authority of Ohio Attorney General Dave Yost, and at the request

of the Director of the Ohio Environmental Protection Agency ("Ohio EPA"), allege on

information and belief as follows:

## NATURE OF THE ACTION

1.      This is a civil action commenced under section 309(b) and (d) of the Clean Water

Act ("CWA"), 33 U.S.C. § 1319(b) and (d), and Ohio Rev. Code §§ 6111.04 and 6111.07, to

obtain injunctive relief and civil penalties against Yuhasz Bros., LLC ("Yuhasz" or "Defendant")

for the discharge of pollutants into waters of the United States and waters of the state in

Ashtabula County and Trumbull County, Ohio, without authorization by the United States

Department of the Army Corps of Engineers ("Corps"), in violation of CWA section 301(a), 33

U.S.C. § 1311(a) and without authorization by Ohio EPA in violation of Ohio Rev. Code §§

6111.04 and 6111.07.

2.      In this action, the Plaintiffs seek: (1) to enjoin the discharge of pollutants into

waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. §

1311(a) or waters of the state without a permit in violation of Ohio Rev. Code §§ 6111.04 and

6111.07; (2) to require Defendant, at its own expense and at the direction of the USEPA and

Ohio EPA, to restore and/or mitigate the damages caused by its unlawful activities; and (3) to

require Defendant to pay civil penalties as provided in 33 U.S.C. § 1319(d) and Ohio Rev. Code

§ 6111.09.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to CWA

section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4.      This Court has supplemental jurisdiction over state law claims pursuant to 28

U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part

of the same case or controversy.

5.      Venue is proper in the Northern District of Ohio, Eastern Division, pursuant to

CWA section 309(b), 33 U.S.C. § 1319(b), 28 U.S.C. § 1391(b) and (c), and Local Rule 3.8,

because Defendant resides in and conducts business in this District, the subject property is

located in this District, and the cause of action alleged herein arose in this District.

6.      Notice of the commencement of this action has been provided to the State of Ohio pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

7.      The Plaintiffs in this action are the United States of America and the State of Ohio.  Authority to bring this action on behalf of the United States is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519 and 33 U.S.C. §§ 1366, 1369.

8.      Authority to bring this action on behalf of Plaintiff State of Ohio is vested in the Ohio Attorney General upon the request of Director of Ohio EPA pursuant to Ohio Rev. Code §§ 6111.07 and 6111.09.

9.      Defendant Yuhasz Bros., LLC is a corporation organized under the laws of Ohio with a business address of 8549 State Route 46, South Orwell, Ohio, 44076, which is located in Ashtabula County, Ohio.

10.      Since its organization on December 19, 2003, Yuhasz Bros., LLC has also operated under the trade names Yuhasz Farm Partnership, Yuhasz Bro. Farms, LLC, and Yuhasz Bros. Farms.

## STATUTORY AND REGULATORY BACKGROUND

### A.      The Federal Clean Water Act

11.      CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, *inter alia*, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

12.     CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Corps, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

13.     Under 33 U.S.C. § 1341, prior to the issuance of a section 404 permit, an applicant also must obtain a state water quality certification ("401 Certification").

14.     CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

15.     CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand and cellar dirt.

16.     CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

17.     Prior to August 29, 2015 and at relevant times after that date, 33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2 defined "waters of the United States" to include *inter alia*: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.

18.     Between August 29, 2015 and October 9, 2015, and on and after February 28, 2018, the regulatory definition of "waters of the United States" in effect in Ohio included *inter alia*: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; (iii) tributaries to waters described in (i) and (ii); (iv) wetlands or other waters adjacent to the waters described in (i)-(iii); and (v) waters located within 4,000 feet of the high tide line or ordinary high water mark of tributaries to waters

4

identified in (i) and (ii), provided that they have a significant nexus to the waters described in (i)-(ii).  80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Clean Water Rule"); 33 C.F.R. § 328.3(a)(1), (2), (5) and (7) (2016), and 40 C.F.R. § 232.2.[1]

19.     33 C.F.R. § 328.3 and 40 C.F.R. § 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

20.     CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

21.     CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

22.     CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

---

[1] EPA and the Corps promulgated amendments to the regulatory definition of "waters of the United States" which set forth the standard outlined in Paragraph 18, with that regulatory definition becoming effective on August 28, 2015.  80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Clean Water Rule").  The 2015 Clean Water Rule was stayed on October 9, 2015 by the Sixth Circuit Court of Appeals, with that stay remaining in effect until February 28, 2018. Accordingly, the 2015 Clean Water Rule was in effect in Ohio between August 28, 2015 and October 9, 2015, and on and after February 28, 2018.  Before the 2015 Clean Water Rule became effective and during the period that the stay of that Rule was in place, the regulatory definition set forth in Paragraph 17 was in effect.

23.     CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

**B.     Ohio Wetland Permitting**

24.     Ohio Administrative Code 3745-32-02 requires a person to obtain a section 401 water quality certification ("401 Certification") before obtaining a section 404 permit from the U.S. Army Corps of Engineers to discharge dredged or fill material to waters of the United States, including federally regulated wetlands.

25.      "Discharge of fill material," as defined in Ohio Adm.Code 3745-32-01(D), effective September 15, 1982 through January 2, 2017, means "the addition of fill material into waters of the state for the purpose of creating fastlands, elevations of land beneath waters of the state, or for impoundments of water."

26.     "Discharge of fill material," as defined in Ohio Adm.Code 3745-32-01(G), effective January 2, 2017 to present, means the addition of fill material into waters of the state.

27.     "Discharge of dredged material," as defined in Ohio Adm.Code 3745-32-01(C), effective September 15, 1982 through January 2, 2017, means "any addition of dredged material, in excess of one cubic yard when used in a single or incidental operation, into waters of the state."

28.     "Discharge of dredged material," as defined in Ohio Adm.Code 3745-32-01(F), effective January 2, 2017 to present, means addition of dredged material into, including redeposit of dredged material other than incidental fallback, as those terms are construed under federal law, within waters of the state.

29.     "Dredged material" as defined in Ohio Adm.Code 3745-32-01(E), effective September 15, 1982 through January 2, 2017, and Ohio Adm.Code 3745-32-01(H), effective January 2, 2017 to present, means "material that is excavated or dredged from waters of the state."

30.     "Fill material," as defined in Ohio Adm.Code 3745-32-01(G), effective September 15, 1982 through January 2, 2017, means "any pollutant used to create fill to replace an aquatic area with dry land or to change the bottom elevation of a water body for any purpose."

31.     "Fill material," as defined in Ohio Adm.Code 3745-32-01(I), effective January 2, 2017 to present, means "any material used to fill a surface water of the state, to replace a surface water of the state with dry land, or to change the bottom elevation of a surface water of the state, and that consists of suitable material that is free from toxic contaminants in other than trace quantities."

32.     "Wetlands," as defined in Ohio Adm.Code 3745-32-01(O), effective September 15, 1982 through January 2, 2017, means "areas where the water table is at, near, or above the land surface long enough each year to support the growth of water dependent vegetation and to result in the formation of characteristic wet soil types.

33.     "Wetlands," as defined in Ohio Adm.Code 3745-32-01(R), effective January 2, 2017 to present, means "those areas that are inundated or saturated by surface or ground water at a frequency and duration that are sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

34.     Where a wetland is not federally jurisdictional, and thus section 404 permitting is not required, it is regulated under Ohio's isolated wetland permitting program.

35.     Ohio Revised Code § 6111.021 provides that no person shall engage in the filling of an isolated wetland unless authorized to do so by a general or individual state isolated wetland permit.

36.     Ohio Revised Code § 6111.02(P) defines wetlands as those areas that are inundated or saturated by surface or ground water at a frequency and duration that are sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typical for life in saturated soil conditions.

37.     Ohio Revised Code § 6111.07(A) provides that no person shall violate or fail to perform any duty imposed by Ohio Rev. Code §§ 6111.01 through 6111.08 or violate any order, rule, or term or condition of a permit issued or adopted by the Director pursuant to Ohio Rev. Code Chapter 6111.

38.     Ohio Revised Code §§ 6111.07 and 6111.09 authorize the Attorney General of Ohio to commence a civil action for injunctive relief and civil penalties of up to $10,000 per day for each violation of Ohio Rev. Code §§ 6111.04 and/or 6111.07.

## FACTUAL ALLEGATIONS

39.     The real property that is the subject of this Complaint is located directly south of South Winsor Road and east of State Route 534 (Phelps Creek Road) in Ashtabula County and Trumbull County, Ohio ("Site").   The Site is over 900 acres and is comprised of real property identified by Ashtabula County as Permanent Parcel Numbers 610040000400, 610040000600, and 610040000701, and identified by Trumbull County as Permanent Parcel Number 60901281. *See* Appendix A for a map of the Site.

40.     From approximately August 2011 through the purchase of the Site by Defendant Yuhasz Bros., LLC on or about April 11, 2016, Defendant Yuhasz Bros., LLC leased portions of the Site from the prior owner, East 534, LLC.

41.     Defendant Yuhasz Bros., LLC purchased the Site on or about April 11, 2016 from East 534, LLC.

42.     Between on or about April 11, 2016 and on or about July 31, 2018, Defendant Yuhasz Bros., LLC owned and controlled the Site.

43.     On or about July 31, 2018, Defendant Yuhasz Bros., LLC sold approximately 572 acres on the eastern portion of the Site.   Upon best information and belief, Defendant Yuhasz Bros., LLC continues to own most or all of the western portion of the Site, which includes the area where the actions taken in violation of the Clean Water Act and Ohio's Water Pollution Control Law described in this Complaint occurred.

44.     The Site contains a wetland covering more than 450 acres that extends offsite to the north, east, and south.   This wetland abuts the Grand River in the southeast corner of the Site.   This same wetland also extends offsite and directly abuts the Grand River near its confluence with Phelps Creek.

45.     The Site is bisected by several streams, including Don Creek, Stream 6, and Phelps Creek.   Don Creek enters the Site under South Windsor Road on the northern boundary of the Site and flows 0.9 miles until its confluence with Phelps Creek.   Don Creek is a relatively permanent headwater stream and is a perennial headwater stream after the confluence with Stream 6.

46.     Stream 6 enters the site under State Route 534 and flows 1.5 miles on Site to the

confluence with Don Creek.   Stream 6 is a relatively permanent headwater stream and is a perennial stream in the areas impacted by Defendant's activities.

47.     Don Creek and Stream 6 flow into Phelps Creek.   Phelps Creek is a perennial headwater stream that flows approximately 7 miles from the confluence of the North and South Branch of Phelps Creek to the confluence with Don Creek and flows approximately 1 additional mile to the Grand River.

48.     The Grand River flows to Lake Erie, an international water bisected by the border of Canada and the United States.   The Grand River has been designated by the Corps as a section 10 water under the Rivers and Harbors Act of 1899 and is a traditional navigable water. The Grand River is a water that is currently used, was used in the past, or may be susceptible to use in interstate commerce.

49.     Phelps Creek, Don Creek, and Stream 6 are each characterized by the presence of physical indicators of a bed and bank and an ordinary high-water mark.

50.     Phelps Creek, Don Creek, and Stream 6 provided and continue to provide important functions, including, *inter alia*, contribution of flow, export of organic matter and export of food resources.   These tributaries had and continue to have a significant nexus to, and significantly affect, the chemical, physical and/or biological integrity of downstream traditional navigable waters, including the Grand River.

51.     Defendant is a person within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

52.     At various times between 2014 and 2016, Defendant and/or persons acting on its behalf and at its direction, cleared, grubbed, stumped, contoured, tilled and/or plowed

approximately 80 acres of wetlands on the Site, causing discharges of dredged and/or fill material into wetlands and into Don Creek and Stream 6.  The discharges into wetlands and tributaries on Site occurred in areas of the Site which have been designated by the Natural Resources Conservation Services ("NRCS") as Fields 4A, 4E, 10A, 13, 13B, 14A, 14B.  A map showing the general locations of the areas where such discharges occurred is attached as Appendix A to this Complaint.

53.     The discharges described in paragraph 52 and otherwise in this Complaint were conducted to drain existing wetlands and/or to convert wetlands to agricultural fields.

54.     Defendant also graded and/or channelized Don Creek and Stream 6, causing further discharges of dredged and fill material into these waters.

55.     Defendant Yuhasz Bros., LLC conducted, contracted for, supervised and/or otherwise controlled the activities described in paragraphs 52 to 54 of this Complaint.

56.     The dredged or fill material that the Defendant and/or persons acting on its behalf caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6) and "pollution" and "other wastes" as defined in Ohio Rev. Code § 6111.01.

57.     Defendant and/or persons acting on its behalf used mechanized land-clearing, earth-moving and/or tilling equipment, including without limitation an excavator and bulldozer, to accomplish the discharges.  This equipment constitutes "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

58.     At the time of Defendant's activities described herein, the wetlands in NRCS-designated Fields 4A, 4E, 10A, 13, 13B, 14A, 14B were "wetlands" within the meaning of the

CWA and the regulations promulgated thereunder as well as Ohio Adm.Code 3745-32-01 and Ohio Rev. Code § 6111.02.

59.     At the time of Defendant's activities described herein, the wetlands in Fields 4A, 4E, 10A, 13, 13B, 14A, 14B directly abutted, had a continuous surface connection to, and were contiguous to and/or bordering Don Creek and/or Stream 6.

60.     Don Creek and Stream 6 are relatively permanent waters which are connected through Phelps Creek to the Grand River, a traditionally navigable water.

61.     At the time of Defendant's activities described herein, the wetlands in Fields 4A, 4E, 10A, 13, 13B, 14A, 14B were part of a large wetland complex which extended off Site and directly abutted, had a continuous surface connection to, and was contiguous to and/or bordering the Grand River, a traditionally navigable water.

62.     At the time of Defendant's activities described herein, the wetlands in Fields 4A, 4E, 10A, 13, 13B, 14A, 14B provided important functions, including, *inter alia*, nutrient recycling, retention and attenuation of flood waters, sediment trapping, export of organic matter, and export of food resources.  These wetlands, together with similarly situated wetlands in the region, had and continue to have a significant nexus to, and significantly affect, the chemical, physical and/or biological integrity of downstream traditional navigable waters, including the Grand River.

63.     The wetlands in Fields 4A, 4E, 10A, 13, 13B, 14A, 14B, and Don Creek, Stream 6, Phelps Creek, and the Grand River are, and were at the time of Defendant's actions, "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder, including all regulations that were in effect at the time of Defendant's activities described herein.

64.     The wetlands in Fields 4A, 4E, 10A, 13, 13B, 14A, 14B, and Don Creek, Stream 6, Phelps Creek, and the Grand River are, and were at the time of Defendant's actions, "waters of the state" as defined in Ohio Rev. Code § 6111.01(H).

65.     Defendant did not obtain a CWA section 404 permit for the discharges of dredged and/or fill material into waters of the United States at the Site, as required by sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, or a CWA section 401 water quality certification as required by 33 § U.S.C. 1341.

66.     The discharges of dredged and/or fill material into waters of the United States at the Site were not authorized under any provision of the CWA.

67.     The discharges of dredged and/or fill material into waters of the state at the Site were not authorized under any provision of Ohio's Water Pollution Control Law, R.C. Chapter 6111, or the rules adopted thereunder.

68.     Defendant has violated and continues to violate CWA section 301(a), 33 U.S.C. § 1311(a), by its unauthorized discharges of dredged and/or fill material into waters of the United States, including wetlands, at the Site.

69.     Defendant has violated and continues to violate Ohio Rev. Code §§ 6111.04 and 6111.07, by its unauthorized discharges of dredged and/or fill material into waters of the state, including wetlands, at the Site.

70.     Each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a) and of Ohio Rev. Code §§ 6111.04 and 6111.07.

71.     Unless enjoined, Defendant is likely to continue to discharge dredged or fill material into and/or to allow dredged or fill material to remain in waters of the United States and

13

waters of the state at the Site in violation of CWA section 301, 33 U.S.C. § 1311 and Ohio Rev. Code §§ 6111.04 and 6111.07.

72.     The allegations contained in paragraphs 1 through 71 are hereby incorporated into each and every Count of this Complaint as if fully restated therein.

## COUNT I

### DISCHARGE OF DREDGED AND/OR FILL MATERIAL WITHOUT A PERMIT OR OTHER AUTHORIZATION UNDER SECTION 404 OF THE CLEAN WATER ACT

73.     Between 2014 and 2016, and at other times best known to the Defendant, Defendant and/or persons acting on its behalf, used point sources to discharge dredged and/or fill material into wetlands and/or other waters of the United States in and around the Site, located in Ashtabula County and Trumbull County, Ohio.

74.     Defendant's activities at the Site resulted in the discharge of dredged and/or fill material into approximately 80 acres of wetlands and portions of Don Creek and Stream 6, all waters of the United States.

75.     Defendant never had a valid or effective permit issued under section 404 of the CWA, 33 U.S.C. § 1344, authorizing the discharge of dredged or fill material into waters of the United States, nor were the discharges authorized under any other section of the Act.

76.     Defendant's discharges of dredged and/or fill material into waters of the United States are in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

77.     As a result of its violations of the CWA as described herein, and in accordance with CWA section 309(b), 33 U.S.C. § 1319(b), Defendant is subject to appropriate relief, including a permanent and temporary injunction from continued violation of the CWA as well as

14

restoration and mitigation of unlawfully filled wetlands, streams and other waters of the United States.

78.     As a result of its violations of the CWA, Defendant is subject to a civil penalty of up to $37,500 per day for violations taking place after January 12, 2009 and before November 2, 2015.  *See* CWA section 309(d), 33 U.S.C. § 1319(d), as amended by Pub. L. No. 104-134, section 31001, 110 Stat. 1321-373 (1996); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,340 (Dec. 11, 2008).   Defendant is subject to a civil penalty of up to $54,833 per day for any violations taking place after November 2, 2015.  *See* CWA section 309(d), 33 U.S.C. § 1319(d), as further amended by Pub. L. No. 114-74 § 701, 129 Stat. 584 (2015); 84 Fed. Reg. 2056 (Feb. 6, 2019).

79.     The CWA violations alleged are ongoing as of the date of the filing of this Complaint.

## COUNT II

### UNAUTHORIZED DISCHARGE OF POLLUTION WITHOUT STATE AUTHORIZATION

80.     Ohio Revised Code § 6111.04 prohibits any person from causing pollution or placing or causing to be placed any wastes, in a location where they cause pollution of any waters of the State without a valid, unexpired permit issued by the Director of Ohio EPA.

81.     Between 2014 and 2016  and at various other times as yet unknown to Plaintiffs, the Defendant, and/or persons acting on its behalf, discharged pollutants, dredged and/or fill material, and/or other wastes into wetlands and portions of Don Creek and Stream 6, all waters of the United States or waters of the state, in and around the Site.

82.     Defendant did not obtain a section 401 certification issued by the Ohio EPA or any other valid certificate or permit issued by the Ohio EPA.

83.     The acts and omissions alleged in this Count constitute a violation of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendant is subject to injunctive relief under Ohio Rev. Code § 6111.07(B) and for which Defendant is liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09.

## COUNT III

### VIOLATIONS OF OHIO'S NARRATIVE CRITERIA FOR SURFACE WATERS OF THE STATE AND WETLANDS

84.     Ohio Administrative Code 3745-1-04(A) states that to every extent practical and possible, as determined by the Director, all "surface waters of the state" shall be free from "suspended solids or other substances" that enter the waters as a result of human activity and that will settle to form putrescent or otherwise objectionable sludge deposits or adversely affect aquatic life.

85.     Ohio Administrative Code 3745-1-51(A) requires that hydrology necessary to support the biological and physical characteristics naturally present in wetlands shall be protected to prevent significant adverse impacts on water currents, erosion or sedimentation patterns; chemical, nutrient, and dissolved oxygen regimes of the wetland; the pH of the wetland; the movement of aquatic fauna; and water levels or elevations.

86.     Ohio Administrative Code 3745-1-51(B) requires that the water quality necessary to support existing habitats and the populations of wetland flora and fauna shall be protected to

16

prevent significant adverse impacts on food supplies for fish and wildlife, reproductive and nursery areas, and dispersal corridors.

87.     Between 2014 and 2016 and at various other times as yet unknown to Plaintiffs, Defendant's activities at the Site impacted, altered, and/or degraded wetlands and portions of Don Creek and Stream 6 in and around the Site, and continue to do so, in such a manner as to violate or threaten to violate Ohio Admin.Code 3745-1-04, 3745-1-51(A), and/or 3745-1-51(B) without any authorization from the Director of Ohio EPA.

88.     The acts and omissions alleged in this Count constitute violations of Ohio Adm.Code 3745-1-04 and/or 3745-1-51 and Ohio Rev. Code § 6111.07(A), for which Defendant is subject to injunctive relief under Ohio Rev. Code § 6111.07(B) and for which Defendant is liable for civil penalties of up to ten thousand dollars ($10,000.00) for each day of violation, including each day subsequent to the filing of this Complaint, pursuant to Ohio Rev. Code § 6111.09.

## COUNT IV

## DEGRADATION OF WETLANDS

89.     Ohio Administrative Code 3745-1-05 and 3745-1-51 through 3745-1-54, prohibit degradation, destruction and/or lowering the water quality of a wetland without prior authorization of the Director of Ohio EPA.

90.     Between 2014 and 2016 and at various other times as yet unknown to Plaintiffs, Defendant's activities at the Site degraded and/or lowered the water quality of the wetlands

located on Site without prior authorization of the Director of Ohio EPA in violation of Ohio

Administrative Code 3745-1-05 and 3745-1-51 through 3745-1-54.

91.     The acts and omissions alleged in this Count constitute violations of Ohio Rev.

Code § 6111.07(A), Ohio Adm.Code 3745-1-05, and/or Ohio Adm.Code 3745-1-51 through

3745-1-54, for which for which Defendant is subject to injunctive relief under Ohio Rev. Code §

6111.07(B) and for which Defendant is liable for civil penalties of up to ten thousand dollars

($10,000.00) for each day of violation, including each day subsequent to the filing of this

Complaint, pursuant to Ohio Rev. Code § 6111.09.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of Ohio,

respectfully request that this Court order the following relief:

1.     That the Defendant be permanently enjoined from discharging or causing the

discharge of dredged or fill material or other pollutants into any waters of the United States

except in compliance with the CWA;

2.     That the Defendant be permanently enjoined to comply with Ohio Rev. Code

Chapter 6111 and the rules adopted thereunder;

3.     That the Defendant be enjoined to undertake measures, at Defendant's own

expense and at the direction of the USEPA and Ohio EPA, to effect complete restoration of the

illegally-altered wetlands and waters of the United States and waters of the state at the Site,

and/or to conduct mitigation for irreversible environmental damage, as appropriate;

4.      That the Defendant be assessed, pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

5.      That the Defendant be assessed, pursuant to Ohio Rev. Code § 6111.09, a civil penalty for the violations of Ohio Rev. Code Chapter 6111 as described in this Complaint, in the amount of up to and including ten thousand dollars ($10,000.00) for each day of each violation, including each day subsequent to the filing of this Complaint;

6.      That Plaintiffs be awarded costs and disbursements in this action including attorneys' fees and other extraordinary enforcement costs;

7.      That the Court retain jurisdiction of this action for the purpose of making any order or decree that the Court may deem necessary at any time to enforce and administer Defendant's compliance with the terms and provisions of this Court's Orders or decrees;

8.      That this Court grant Plaintiffs such other relief as the Court may deem just and proper.

Respectfully submitted, this 13th day of June, 2019, by

*/s/ Amanda M. Ferguson*
AMANDA M. FERGUSON
Assistant Attorney General
Environmental Enforcement Section
30 E. Broad Street, 25th Floor
Columbus, Ohio 43215
Phone: (614) 466-2766/ Fax: (614) 644-1926
Amanda.Ferguson@OhioAttorneyGeneral.gov

*Counsel for State of Ohio*

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Perry M. Rosen*
PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington D.C.   20044
Tel:   202-353-7792
Fax:   202-514-8865
perry.rosen@usdoj.gov

JUSTIN E. HERDMAN
United States Attorney

Steven J. Paffilas (OH: 0037376)
Assistant U.S. Attorney
United States Courthouse
801 West Superior Avenue
Suite 400
Cleveland, OH 44113
216-622-3698
Fax 216-522-2404
Steven.Paffilas@usdoj.gov

OF COUNSEL:

ANDREW CHERRY
U.S. Environmental Protection Agency
Office of Compliance and Enforcement
Assurance
Mail Code 2243A
1200 Pennsylvania Ave., NW
Washington, D.C. 20004

CHRISTOPHER GRUBB
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 W. Jackson Blvd. (C-14J)
Chicago, IL 60604

*Counsel for the United States*